**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**November 8, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **B.S. and A.S.**

**No. 19-0431** (Randolph County 2018-JA-102 and 2018-JA-103)

**MEMORANDUM DECISION**

Petitioner Father C.S., by counsel G. Phillip Davis, appeals the Circuit Court of Randolph County's April 16, 2019, order terminating his parental rights to B.S. and A.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Melissa T. Roman, filed a response on behalf of the children in support of the circuit court's order. Respondent Mother S.S., by counsel Timothy H. Prentice, also filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights without imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2018, the DHHR and the mother jointly filed a child abuse and neglect petition alleging that petitioner engaged in domestic violence and abused controlled substances.[2] The DHHR alleged that criminal charges were filed against petitioner following an incident wherein he tackled the mother, wrestled her to the ground, and struck her with an electronic tablet. The mother was granted a domestic violence protective order as a result of this incident. Nine-year-old B.S. reported that he witnessed petitioner "shove and hit" the mother and that it scared him. B.S.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Prior to the filing of this petition, petitioner and the mother were separated and petitioner exercised weekend visitation with the children.

1

also reported that petitioner asked him to leave the home when certain visitors arrived; B.S. explained that he felt sad and unwanted as a result. The DHHR further alleged that the mother personally observed drug paraphernalia in the home. The DHHR alleged that, when petitioner was confronted with the allegations, he denied physical domestic violence against the mother, but admitted that he unsuccessfully attempted multiple drug treatment programs for his substance abuse.

The circuit court held two adjudicatory hearings in October of 2018. Petitioner did not appear for the first hearing and it was continued upon his counsel's motion. Petitioner appeared for the second hearing and stipulated that his substance abuse negatively affected his ability to parent the children. The circuit court accepted petitioner's stipulation and adjudicated him as an abusing parent. Additionally, petitioner moved for a post-adjudicatory improvement period and agreed to participate in previously agreed upon terms and conditions. The circuit court granted petitioner a ninety-day post-adjudicatory improvement period.

In December of 2018, the circuit court held a status hearing on petitioner's improvement period, and the DHHR presented evidence that petitioner failed to fully participate. Specifically, the DHHR reported that petitioner participated in only four random drug screenings, tested positive for controlled substances two out of the four times; was not attending parenting classes or visitation with the children; and failed to participate in domestic violence classes. Based on this evidence, the circuit court found that petitioner had not been participating in his improvement period. However, the circuit court noted petitioner expressed a desire to attempt substance abuse rehabilitation and continued the improvement period to permit him an opportunity for treatment.

Later in December of 2018, the circuit court held a second status hearing. Petitioner explained that his insurance only covered a treatment facility in California and, thus, he had not entered into treatment. The DHHR proffered that petitioner was previously advised to obtain a medical card to pay for local treatment. The DHHR further reported that petitioner tested positive for controlled substances the same day as the previous review hearing and failed to participate in random drug screening since that time. The circuit court again found that petitioner was not participating in his improvement period, but continued the same to provide petitioner "one further opportunity to progress."

The circuit court held a third review hearing in January of 2019 and the DHHR advised the court that petitioner was not participating in his improvement period. However, petitioner indicated that he secured placement in a detoxification treatment facility and would begin the program the following day. The guardian and the mother moved to terminate petitioner's improvement period due to his noncompliance. The circuit court held the motion to terminate in abeyance and continued petitioner's improvement period. Later in January of 2019, the circuit court held the final status hearing. Petitioner did not appear but was represented by counsel. The parties represented that petitioner failed to provide any updates regarding his potential participation in treatment and continued to fail to participate in the terms of his improvement period. The circuit court found that petitioner's post-adjudicatory improvement period was unsuccessful.

In March of 2019, the circuit court held the final dispositional hearing. Petitioner moved for a post-dispositional improvement period and testified on his own behalf. Based on this testimony, the circuit court found that petitioner completed an inpatient detoxification in late January of 2019. However, petitioner admitted to continued methamphetamine abuse since that time. The circuit court concluded that petitioner was unlikely to fully participate in an additional improvement period. The DHHR, the mother, and the guardian jointly moved to terminate petitioner's parental rights and relied on prior evidence of petitioner's failure to comply with services. The circuit court considered the numerous opportunities granted to petitioner to remedy the conditions of abuse and neglect, but noted his continued failure to participate in the services offered. Ultimately, the circuit court found that petitioner was unwilling or unable to provide for the children and that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. The circuit court terminated petitioner's parental rights in its April 16, 2019, order. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights rather than imposing a less-restrictive dispositional alternative. Because he completed a detoxification program and began group therapy meetings, petitioner argues that a post-dispositional improvement period would have been more appropriate than termination of his parental rights. However, petitioner fails to address the statutory requirements to be granted a post-dispositional improvement period. West Virginia Code § 49-4-610(3)(D) provides that a parent that has previously been granted an improvement period during the proceedings must show that he has "experienced a substantial change in circumstances" and "due to that change in circumstances, the [parent] is likely to fully participate in the improvement period." Here, petitioner does not assert a substantial change in circumstances, nor has one occurred. Following

---

[3]The nonabusing mother retains her parental rights. The children have achieved permanency in her custody.

petitioner's submission to the detoxification program, he continued to abuse controlled substances and did not attempt to resume services with the DHHR. For these reasons, the circuit court did not err in denying petitioner's motion for a post-dispositional improvement period.

Further, the circuit court's findings support the termination of petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that the circuit court may terminate a parent's parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and when termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(c)(3) further indicates that "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" exists when

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Here, petitioner failed to follow through with a reasonable family case plan. Petitioner ignored the terms and conditions of his improvement period, such as random drug screening, parenting and domestic violence classes, and visitation with the children. More importantly, petitioner readily admitted that he continued to abuse controlled substances as recently as two weeks prior to the final dispositional hearing. Therefore, the conditions that threatened the children continued unabated during the proceedings. The circuit court did not err in finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected based on petitioner's willful disregard of the efforts provided by the DHHR. Further, petitioner was particularly aggressive towards the children's mother and dismissive of B.S. while abusing controlled substances. As petitioner failed to remedy either his domestic violence or substance abuse issues, it was necessary for the children's welfare to terminate petitioner's parental rights.

Finally, we have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As the circuit court's findings are fully supported by the record, we find no error in the circuit court's termination of petitioner's parental rights without the use of a less-restrictive dispositional alternative. Accordingly, petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 16, 2019, order is hereby affirmed.

**ISSUED**:  November 8, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison